IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| VICKY L. HORNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08CV00026 |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| PAMELA O. SIZEMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08CV00035 |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| PEGGY L. SHAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08CV00037 |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| PATTY SUE HUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08CV00041 |
| | ) | |

SOUTHWEST VIRGINIA REGIONAL    )
JAIL AUTHORITY, et al.,        )
                               )
      Defendants.             )

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO CONSOLIDATE FOR DISCOVERY AND TRIAL THE FOUR ABOVE CAPTIONED CASES

The Plaintiff has moved to consolidate the above-captioned cases for discovery and trial pursuant to Rule 42 of the Federal Rules of Civil Procedure. All of the Defendants in each action hereby file this memorandum in opposition to that Motion.

The responsive defendants in the Vicki L. Horner case are as follows: Southwest Virginia Regional Jail Authority; Robert R. Adkins; D. J. Barker; R. David Bradley; Jerry P. Broadwater; W. J. Caudill; Steve Dye; Ray Foster; Bobby Hammons; Joe W. Herron; Ralph Maples; Jack R. McCrady, Jr.; D. Carter McGlothlin; Fred P. Newman; Carlos Noaks; H. Lee Noble; Ronnie Oakes; Gary Parsons; Matt Pilkenton; Dane Poe; Robert Raines; Mark K. Reeter; Michael D. Roberts; Scott Stanley; John R. Strutner; Keith L. Viers; Ernie Ward; and E. B. Whitmore.

The responsive defendants in the Pamela O. Sizemore case are as follows: Southwest Virginia Regional Jail Authority, Robert R. Adkins; D. J. Barker; R. David Bradley; Jerry P. Broadwater; H. S. Caudill; W. J. Caudill; Steve Dye; Tim Evans; Ray Foster; Bobby Hammons; William T. Harris; Joe W. Herron; Ralph Maples; Jack R. McCrady, Jr.; D. Carter McGlothlin; Fred P. Newman; Carlos Noaks; H. Lee Noble; Ronnie Oakes; Gary Parsons; Matt Pilkenton; Dane Poe; Terry Powers; Robert Raines; Mark K. Reeter; Arnie Reynolds; Michael D. Roberts; Glen "Skip" Skinner; Scott Stanley; John R. Strutner; Keith L. Viers; Ernie Ward; and E. B. Whitmore.

The responsive defendants in the Peggy L. Shazier case are as follows: We represent: Southwest Virginia Regional Jail Authority; Robert R. Adkins; D. J. Barker; R. David Bradley; Jerry P.

Broadwater; H. S. Caudill; W. J. Caudill; Steve Dye; Ray Foster; Bobby Hammons; William T. Harris; Joe W. Herron; Ralph Maples; Jack R. McCrady, Jr.; D. Carter McGlothlin; Fred P. Newman; Carlos Noaks; H. Lee Noble; Ronnie Oakes; Gary Parsons; Matt Pilkenton; Dane Poe; Robert Raines; Mark K. Reeter; Michael D. Roberts; Glen "Skip" Skinner; Jim Spencer; Scott Stanley; John R. Strutner; Keith L. Viers; Ernie Ward; and E. B. Whitmore.

The responsive defendants in the Peggy Sue Huff case are as follows: Southwest Virginia Regional Jail Authority; Robert R. Adkins; D. J. Barker; R. David Bradley; Jerry P. Broadwater; H. S. Caudill; W. J. Caudill; Steve Dye; Ray Foster; Bobby Hammons; William T. Harris; Joe W. Herron; Ralph Maples; Jack R. McCrady, Jr.; D. Carter McGlothlin; Fred P. Newman; Carlos Noaks; H. Lee Noble; Ronnie Oakes; Gary Parsons; Matt Pilkenton; Dane Poe; Robert Raines; Mark K. Reeter; Michael D. Roberts; Glen "Skip" Skinner; Jim Spencer; Scott Stanley; John R. Strutner; Keith L. Viers; Ernie Ward; and E. B. Whitmore.

All responsive individual defendants shall hereafter be sometimes referred to as "Certain Individual Defendants."

## STATEMENT OF THE CASE

The plaintiff filed the following four lawsuits against the Southwest Virginia Regional Jail Authority (hereafter "SWVRJA") and various individuals. Some of the individual defendants are the same in all four lawsuits but some are unique to their individual cases as noted above. The individual defendants are alleged to have been either board members or alleged supervisory employees of the SWVRJA. The plaintiff's claims allege similar theories of liability but arise out of different facts. For example, Pamela Sizemore (hereafter "Sizemore") is alleged to have been hired at the SWVRJA on April 9, 2005 and terminated by the SWVRJA on January 8, 2007. Vicki L. Horner (hereafter "Horner") was hired on October 6, 2005 and terminated on May 17, 2007. Patty Sue Huff (hereafter "Huff") was hired on April 18, 2005 and was allegedly

3

forced to resign on April 19, 2006. Huff alleges that Dr. Kaveh Ofogh made statements that women are intellectually inferior to men and similar statements which are not alleged in the other lawsuits. Peggy Z. Shazier (hereafter "Shazier") was hired on April 9, 2005 and was allegedly terminated on April 20, 2007. Thus, the only time period when all four plaintiffs were employed was between the time that Horner was hired on October 6, 2005 and the time that Huff left on April 19, 2006. The allegations made in the lawsuits are general but the underlying factual basis is completely different in each case. All of the plaintiffs except for Shazier allege that they were subjected to intimidating and harassing conduct by supervisory personnel of SWVRJA based on gender and age. Ms. Shazier alleges racial discrimination and retaliation.

## SUMMARY OF THE ARGUMENT

Consolidation of these four lawsuits is not proper because the individual defendants are different in each case, the term of employment is different for each plaintiff and the supporting facts as to each plaintiff must therefore necessarily differ. There are no common allegations of damages. While there are common issues of law, the issues of fact are completely idiosyncratic for each claim and consolidation would not promote judicial economy.

## STANDARD OF REVIEW

The standard of review is set forth in Switzenbaum v. Orbital Sciences Corp., 187 F.R.D 246, 247-48 (E.D. Va. 1999) as follows:

> Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact. Judicial economy generally favors consolidation, see Johnson v. Celotex Corp., 899 F.2d 1281, 1284 n. 85 (2d Cir.1990), but the Court must conduct a careful inquiry in this regard that balances the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings could engender. See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir.1982).

Id. It has also been said that "In deciding whether consolidation is appropriate, the court must

4

balance the savings of time and effort resulting from consolidation against any inconvenience, delay or expense that it would cause." Powell v. NFL, 764 F. Supp. 1351 (D. Minn. 1991) (citing Rohn & Haas Co. v. Mobil Oil Corp., 525 F.Supp. 1298, 1309 (D.Del.1981) ). The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy. See, e. g., Fleishman v. Prudential-Bache Sec., Inc., 103 F.R.D. 623, 624-25 (E.D.Wis.1984); Watkinson v Great Atlantic & Pacific Tea Co., 585 F Supp 879 (E.D. Pa., 1984). Under this standard the Plaintiffs in these four cases cannot show that convenience and economy favors consolidation.

## ARGUMENT

While consolidation under Rule 42 is within the sound discretion of the trial court, the discretion of the court is not unfettered. Arnold v. Eastern Air Lines, Inc., 712 F.2d 899 (4th Cir.1983) (en banc), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984). Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial. Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463 (S.D.N.Y.1977). When exercising its discretion, a court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir.1985). On the facts of this case, judicial economy would not be served. Several factors particularly weigh against consolidation. First, as noted above since the common period of employment of the plaintiffs is only approximately 8 months a jury would have difficulty sorting out which alleged statements

5

or comments would apply to each plaintiff.  A tendency would be to lump all of the allegations together, whether applicable to a particular plaintiff's claim or not, thus prejudicing the defendants.  Further, since there are different defendants in each claim, a jury would have difficulty determining which acts applied to which individual defendants.

   There is a notable lack of authority on consolidation in civil rights cases in this Circuit.  See "Propriety of Ordering Consolidation under Rule 42 of the Federal Rules of Civil Procedure in Civil Rights Actions", 81 A.L.R. Fed 732.   There have been several Courts applying the above standard of review that have declined to consolidate cases under Rule 42 in similar situations to that before this Court, however.  For example, in <u>Arroyo v Chardon,</u> 90 F.R.D 603, (D. P.R. 1981), a plaintiff's motion to consolidate her employment discrimination action under Rule 42(a) with eight others was denied.  The reason given by the court was the possibility of different facts in each case, leading to jury confusion.  The complaints alleged that the plaintiffs had been demoted because of their political party affiliation.  The defendants argued that the plaintiffs' cases did not necessarily present a common factual and legal issue and that the constitutional guarantee of a fair trial devoid of confusion and prejudice to the jury outweighed the necessity of avoiding the expense and delay of trying cases individually and the Court agreed with that argument.  It also found that the alleged political job discrimination must be proven by evidence of specific malicious, willful, and in reckless disregard of the plaintiffs' constitutional rights in each particular case, which argued against consolidation.  Furthermore, the court said, because of the number of cases involved, the presentation of numerous witnesses would be necessary on behalf of the plaintiffs in order to prove those specific acts that showed that the defendants were engaged in the alleged discriminatory practices against each plaintiff resulting in the deprivation of their constitutional rights since it was certain that each defendant's alleged contribution to the

plaintiffs' damages involved a separate set of facts. The court said that there would not be any appreciable saving of time or expense and that confusion of the jury was a strong possibility. The facts presented by Arroya are for these purposes, indistinguishable.

A Pennsylvania District Court has also held that consolidation was improper in actions by former city employees for wrongful discharge under civil rights laws in Bernardi v Scranton, 101 F.R.D 411 (M.D. Pa, 1983) later proceeding  (M.D. Pa. 1983).   The Bernardi court pointed out that while the four plaintiffs in the second action did not set forth factual assertions regarding their entitlement to procedural protections, the plaintiff in the first action set forth numerous allegations concerning state and federally protected procedural rights, including an allegation that the city's civil service commission certified him as an employee covered by civil service rules. The court said that these additional theories would require the presentation of evidence concerning factual circumstances not relevant in the other actions.  If the cases were to be consolidated, the court said, the factual presentations would require presentation of evidence on the termination of each of the four plaintiffs.  This was significant, the court pointed out, since the five plaintiffs in the cases were discharged at three different times during the same year. Also, since four different municipal positions were involved in these cases, the evidence as to each plaintiff would differ. The court denied the defendant-city's motion for consolidation.  This Court should likewise decline consolidation because the same factors apply to the Complaints filed in this case.  According to the allegations, Horner was a relief detention officer, Huff was a nurse, Sizemore was a detention officer, and Shazier was a cook.  As noted above, their terms of employment are significantly different.  Also due to the nature of the claims made, specific proof of acts by each of the individual defendants is required to prove the claim as to each plaintiff.

There would, as a practical matter, be no saving of time or judicial economy by consolidating these cases, only tremendous confusion during the discovery process and at trial.

Consolidation was denied by another Court in two civil rights actions against the same employer even though certain common issues of fact existed in both actions, where disciplinary actions arose from completely unrelated incidents, concerned different types of misconduct, involved employees with disparate disciplinary records, and resulted in imposition of different punishments. Henderson v National R. P. Corp.,118 F.R.D 440 (N.D. Ill. 1987). The same arguments also apply in the four cases before this Court. Of the four cases, one (Shazier) involves racial discrimination and the others do not. The Huff and Horner and Sizemore cases allege termination, while the Shazier case involves an alleged forced resignation.

WHEREFORE, these Certain Individual Defendants respectfully urge the Court to dismiss the Complaint with prejudice and the SWVRJA respectfully requests the Court to dismiss both Counts III as to it and the Defendants request such other relief as the Court may deem appropriate.

SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY;
CERTIFIED INDIVIDUAL DEFENDANTS (as specifically identified in the preamble)

By /s/ Susan A. Waddell. _____
Susan A. Waddell
VSB #24302
Jim H. Guynn, Jr.
VSB #22299
GUYNN, MEMMER & DILLON
415 S. College Avenue
Salem, VA 24153
Phone: 540-387-2320
Fax: 540-389-2350
e-mail: susan.waddell@g-mpc.com
e-mail: jim.guynn@g-mpc.com Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Jay H. Steele, Esq. | Benjamin G. Sharp, Esq. |
| P.O. Box 2577 | P.O. Box 7 |
| Lebanon, VA 24266 | Lebanon, VA 24266 |
| Phone: 276-889-3519 | Phone: 276-889-4752 |
| Fax: 276-889-4792 | Fax: 276-889-4792 |
| email: jhs@jayhsteelatty.com | email: jennifer@hayhsteelatty.com |

By: _/s/ Susan A. Waddell

9